Case 4:13-cv-00012-A Document 8 Filed 03/25/13 Page 1 of 8 PageID 46

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 25 2013

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:13-CV-012-A |
| | § | (NO. 4:11-CR-180-A-6) |
| JOHN DAVID TALAMINI | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of John David Talamini ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, the government's response, movant's reply, and applicable legal authorities, the court concludes that none of the grounds has merit and the motion should be denied.

I.

Background

Movant pleaded guilty to one count of conspiracy to traffic in more than 100 grams of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B), and was sentenced to 135 months imprisonment, at the bottom of the guideline range, and a five-year term of supervised release. The court entered judgment on May 5, 2012, and movant did not appeal. Movant timely filed his section 2255 motion on January 8, 2013.

II.

## Grounds of the Motion

Movant identified two grounds for relief in his motion: (1) the court imposed a sentence that was greater than necessary under United States v. Booker, 543 U.S. 220 (2005); and (2) counsel was ineffective for failing to object to movant's criminal history category and failing to investigate movant's life history for mitigating evidence. Mot. at 5-6.

III.

## Analysis

A. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if

the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

C. <u>The Motion Fails to Comply with Rules Governing Section 2255 Proceedings</u>

As the government points out, the motion in this case is not supported by affidavit or declaration, and was not signed by movant under penalty of perjury. Pursuant to Rule 2(b)(5) of the Rules Governing § 2255 Proceedings, a motion thereunder must "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Because the motion is insufficient on its face, the court could summarily dismiss the motion. <u>See, e.g.</u>, <u>Barrett v. United States</u>, 965 F.2d 1184, 1195

(1st Cir.1992); Dalli v. United States, 492 F.2d 758, 760-61 (2d Cir.1974). Nevertheless, because the court has considered the merits of the motion, as though it had been properly verified, there is no reason to delay the disposition of the action by waiting for a properly verified motion.

D. Neither of Movant's Grounds Has Merit

    1. Claim that Movant's Sentence Was Excessive

Movant claims that this court imposed a sentence that was "greater than necessary" under the factors discussed in Booker, 543 U.S. 220, arguing that the court failed to take movant's age and the fact that movant "was a drug addict" into account, and that movant could have learned a trade and would be rehabilitated in prison. Mot. at 5. Movant failed to raise this claim on appeal, and therefore the claim is not cognizable on collateral review unless movant can show cause and actual prejudice for his failure. To show cause, a prisoner must demonstrate that some objective external factor impeded his efforts to comply with the relevant rules. Coleman v. Thompson, 501 U.S. 722, 753 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). For prejudice, movant must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire

trial with error of constitutional dimensions." Frady, 456 U.S. at 170.

Movant can show neither cause nor prejudice. Although he states that his attorney advised him "not to appeal the Booker factors," he provides no further explanation as to why he failed to raise the issue of what he perceives as an excessive sentence on direct appeal. Mot. at 5. He identifies no external cause for his failure to appeal, and nothing more than speculation that he was prejudiced by the lack of an appeal. Moreover, the record in movant's criminal case reflects that the court considered movant's addiction to drugs, age, and other appropriate factors in arriving at movant's sentence. See Sentencing Tr. at 7-10. Accordingly, this claim fails.

2. Claim that Counsel Was Ineffective for Failing to Object to Movant's Criminal History Category and for Failing to Investigate

Movant contends that he was incorrectly assessed two points on his criminal history score instead of one point for a prior state conviction for heroin possession in which he was sentenced to ninety days in custody, and that counsel was ineffective for failing to object to the two-point assessment. However, under section 4A1.1(b) of the United States Sentencing Guidelines ("USSG"), a defendant is assessed "2 points for each prior sentence of imprisonment of at least sixty days," and the

presentence report reflects that movant pleaded guilty to heroin possession in August 2009 in Tarrant County and that his sentence was 90 days. Presentence Report at 17, ¶ 73. Thus, the two-point assessment on movant's criminal history score was correct, objecting to the assessment would have been meritless, and failing to make a meritless objection does not constitute ineffective assistance of counsel. Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").

Movant next contends that counsel failed to investigate his life history in search of mitigating evidence "beyond the presentence report." Mot. at 7-8. But, the record reflects that movant's attorney filed a motion for a downward departure, emphasized movant's history, and presented arguments and witnesses at movant's sentencing in hopes of mitigation. Counsel stressed movant's introduction to drugs by his brothers at age seven, trauma and fear associated with movant's mother's illness, movant's graduation from high school with honors and completion of two years of college, and his desire to continue his higher education. Mot. for Downward Departure (Apr. 30, 2012); Sentencing Tr. at 10. Movant does not identify any further information that counsel could have uncovered that would have

7

favorably changed the outcome of his case. See <u>United States v. Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."). Accordingly, movant has failed to demonstrate that his attorney was ineffective, and this claim must fail.

IV.

<u>Order</u>

Therefore,

The court ORDERS that the motion of John David Talamini to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 25, 2013.

_____
JOHN McBRYDE
United States District Judge

8